UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHUKRULLO TAVUROV,

                Petitioner,

    v.

KRISTI LYNN ARNOLD NOEM, et al.,

                Respondent.

Case No. 2:26-cv-00138-TLF

ORDER

On February 6, 2026, the Court entered an order granting habeas corpus in part, and entered judgment in this matter, directing a bond hearing be held. Dkt. 10. The Court directed the parties to file, on or before February 17, 2026, a joint status report with the Court regarding the bond hearing and whether petitioner had been released. *Id.* at 24. The Court stated if petitioner was not released, it would maintain jurisdiction to hold a status conference and consider expanding the record regarding petitioner's arguments alleging punitive conditions of confinement. *Id.* at 23-24.

Petitioner filed a document entitled "Petitioner's Report After Bond Hearing/Renewed Request for Habeas Relief" asserting that petitioner was denied bond, the bond hearing did not comply with Due Process, and that habeas corpus relief should be granted on that basis.[1] Dkt. 12. Respondent filed a status report indicating that the bond hearing was conducted, and bond was denied. Dkt. 13.

---

[1] The Court notes that the filing was not presented as a motion to enforce the judgment.

ORDER - 1

The Court conducted a status conference on February 25, 2026, and gave the parties an opportunity to discuss the next steps to be taken by the Court, given the petitioner's post-judgment filing. As stated on the record at the status conference, the Court found it appropriate to construe the petitioner's new filing (Dkt. 12) entitled "Petitioner's Report After Bond Hearing/Renewed Request for Habeas Relief", as a new federal habeas petition under 28 U.S.C. § 2241, and directed the Clerk of Court to open a new case. *See* Rule 60(d).

The Clerk has opened that case under case number 2:26-cv-00668. The Court will issue a scheduling order in that case and petitioner may choose to rely on the existing brief, interpreted by the Court as a habeas corpus petition (filed in this case as Dkt. 12, but in the newly opened case it is the new petition (Dkt. 1)) or, in the alternative, to file an amended petition presenting habeas corpus challenges to his custody. The Court maintained jurisdiction to hold a status conference, as stated in the Order (Dkt. 10, at 23-24), to consider any post-judgment filings of the parties, and this case remains closed.

Dated this 26th day of February, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 2